IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM PHILLIPPE,

    Petitioner,

vs.                                                  Case Number 4:06cv383-RH/WCS

ALBERTO GONZALES, et al.,

    Respondents.

_____/


## REPORT AND RECOMMENDATION

    Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner is not challenging his order of removal to his native country of Ethiopia, but seeks only release from what he claims is an indefinite period of detention under Zadvydas v. Davis, 533 U.S. 678 (2001).

    Service was directed on September 20, 2006, doc. 6, and Respondents filed an Answer on November 21, 2006. Doc. 12. Respondents contend that Petitioner's detention is lawful because there is a reasonable foreseeability of removal and they

additionally claim Petitioner has failed to assist in his removal. *Id.* Petitioner has filed a reply, doc. 13, and the petition is ready for review.

**Claim of the § 2241 petition**

Petitioner alleged he is a native of Ethiopia but has been in the United States since on May 7, 1981. Doc. 1. He further indicates he "is a Somalian which has no consulate." *Id.*, at 5. Petitioner asserts and has been held for more than twelve months awaiting removal. *Id.* Petitioner stated that his order of removal was entered on September 28, 2005, and became final on February 13, 2006, when he withdrew his appeal. *Id.* Petitioner has been held in immigration custody since August 25, 2005. *Id.* The § 2241 petition asserts that because he has been held beyond the presumptive six month period for effecting removal, and because his native country of Ethiopia refuses to issue travel documents for him, Petitioner avers that Respondents will be "unable to deport him in the reasonably foreseeable future." *Id.*

**The Answer**

Petitioner "received immigrant status on July 22, 1982, retroactive to May 7, 1981." Doc. 12, p. 2.[1] In recording that status, the document shows that Petitioner was born on December 4, 1959, in Ethiopia and his nationality is listed as Ethiopian. Doc. 12, ex. A. In June of 2001, Petitioner was convicted of certain drug crimes. *Id.*, at 2-3; *see also* ex. B. In March of 2004, he was convicted of more drug crimes. *Id.*, at 3.[2] By

---

[1] Thus, Petitioner's status is that of a lawful permanent resident. Doc. 12, p. 3.

[2] Through much of this presentation of the facts, Respondents' Answer alternatively calls the Petitioner both "petitioner" and "respondent."

the following March, Respondents became aware of Petitioner and a notice to appear was issued on March 10, 2005, served on Petitioner on August 24, 2005, and filed with the Immigration Court on August 30, 2005. *Id.* The notice to appear asserted Petitioner was removable due to his criminal convictions pursuant to § 237(a)(2)(A)(iii) and § 237(a)(2)(B)(i) of the Immigration and nationality Act. *Id.*, at 4.

Petitioner was ordered removed by the Immigration Judge on September 28, 2005, and waived his right of appeal. *Id.*, at 4. Petitioner then "filed an appeal that was dismissed by the Board of Immigration Appeals (BIA) on February 13, 2006." *Id.*; *see also* ex. H.[3] Petitioner initiated this litigation on August 18, 2006, challenging his detention. Doc. 12, p. 4. Respondents asserts that efforts to obtain travel documents for the Petitioner consist of two requests to the Consulate of Ethiopia on October 25, 2005, and March 15, 2006. *Id.* The order of removal states that Petitioner was ordered removed to Ethiopia, and no alternative destination was provided on the order. Doc. 12, ex. G.

Additional evidence in this case is a copy of a custody determination for Petitioner. Doc. 12, ex. F. The top right corner of the notice of determination has a typewritten date of March 10, 2005, yet the bottom of the document reveals it was received by Petitioner on August 24, 2005. *Id.* The notice advised Petitioner that he would be detained in custody and could "not request a review of [that] determination by

---

[3] The order dismissing the appeal to the Board states that the "Immigration Judge's decision became administratively final upon the [Petitioner's] waiver of the right to appeal . . . ." *Id.*

an immigration judge because the Immigration and Nationality Act prohibits [Petitioner's] release from custody."  *Id.*

The final piece of evidence submitted by Respondents is a copy of a letter dated June 9, 2006, to Jaime Alfaro with the D & R Travel Document Unit, U.S. Immigration and Customs Enforcement.  Doc. 12, ex. I.  That letter requests "assistance in obtaining a travel document" for Petitioner.  It states that such a request was sent to the Ethiopian Consulate on March 9, 2006, but received no response.  *Id.*  More importantly, the letter states that Petitioner "is not proactively seeking a travel document from the consul, but is not refusing to cooperate."  *Id.*  The letter is signed by another individual for Respondent David Wing.  *Id.*

**Petitioner's Response**

Petitioner disputes Respondents' position that his removal can be carried out in the reasonably foreseeable future.  Doc. 13.  Petitioner states that the Ethiopian Consulate "has, on numerous occasions with the Respondents, denied issuing travel documents for the Petitioner, due to the fact that his parents are not natives or citizens of Ethiopia."  *Id.*, at 2-3.  Petitioner states that his parents are "natives and citizens of Somalia, [but] that Country has no Consulate in the United States."  *Id.*, at 3.  Thus, Petitioner argues that it will not be possible to obtain the necessary travel documents to effect his removal.  *Id.*

**Analysis**

Habeas corpus proceedings under § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention."  Zadvydas v.

Davis, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). As acknowledge by Respondents, this Court has subject matter jurisdiction to entertain Petitioner's challenge to his post-removal-period detention.

Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). However, the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). During the "removal period" an alien must be detained. 8 U.S.C. § 1231(a)(2). After the removal period, the government may detain the alien or release him subject to conditions of release. 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the United States Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and was asked to decide whether the statute authorized indefinite detention of a removable alien. The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. The Court interpreted the statute to avoid constitutional threat by concluding that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by

statute." *Id.,* at 699, 121 S.Ct. at 2503. For the sake of uniform administration by the federal courts, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.

In Clark v. Martinez, *supra*, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens.[4] The Court concluded that there was no reason why the period of time reasonably necessary to effect removal would be longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. Thus, it held that the 6-month presumptive detention period prescribed in Zadvydas should be applicable. *Id.* The combination of opinions from Clark and Zadvydas controls this case: an alien cannot be detained indefinitely and when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005)(relying on Clark to hold that "an inadmissible alien can no longer be detained

---

[4] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6), *quoted in* Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005).

beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").

Zadvydas established a burden-shifting analysis to review these claims. After the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The Court also noted:

> And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*, at 701, 121 S.Ct. at 2505.

Here, Petitioner made a *prima facie* showing in that he alleged has been held for approximately twelve months, and it had been more than six months following a final order of removal when the § 2241 petition was filed. Petitioner adequately alleged that his removal would not take place within the reasonably foreseeable future. The allegations in the § 2241 petition adequately asserted that Petitioner was born in Ethiopia but is a Somolian, having come to the United States from Somolia, which does not have a Consulate. Because there is no consulate, Petitioner alleges that he cannot receive travel documents and, further, he asserts that Ethiopia refuses to issue travel

documents for him.  Thus, the burden is on the Government to show that Petitioner's removal is foreseeable and can be carried out within a reasonable period of time.

Respondents make a broad assertion that Petitioner "has failed to assist in his removal as required by section 243(a) of the INA."  Doc. 12, p. 5.  Respondents have not, however, provided any evidence to support that assertion.  Indeed, part of Respondents' evidence states that Petitioner "is not refusing to cooperate."  Doc. 12, ex. I.

Respondents also argue that Petitioner is required to assist in efforts to remove him.  Doc. 12, p. 9.  However, there is no evidence, nor have any facts been alleged, showing any way in which Petitioner has not made efforts to assist in his removal.  Respondents have not submitted to the Court any evidence which points out any failure of Petitioner which has resulted in his continued detention or has hindered efforts to obtain a travel document for Petitioner.  At the very least, it is incumbent upon Respondents to present facts which show what Petitioner should have done, or what was expected of him, and demonstrating that he has not complied.[5]

---

[5] Judicial notice is taken that in case number 4:06cv37, another § 2241 case seeking release from continued detention under <u>Zadvydas</u>, the respondents asserted that the petitioner there had not made reasonable efforts to assist in his removal.  There, however, evidence was presented by respondents that requests were given to the petitioner directing him to provide certain documents, including a passport, so that he could be removed.  Doc. 18, ex. J of case 4:06cv37.  Indeed, an instruction sheet is provided to the detainee "regarding requirement to assist in removal."  *Id.*  The instruction sheet is essentially a form containing a list of documents and has places for checkmarks to show the detainee what more is required of him and what specific documents he must obtain.  *Id.*, at 5.  No evidence has been presented to show that Petitioner received such an instruction sheet.

Case Number 4:06cv383-RH/WCS

Thus, Respondents have not met their burden in this case. Respondents have not come forward with any facts in support of the conclusory assertion that the Department of Homeland Security "is awaiting clearance from the Ethiopian Embassy for the return of the Petition." Doc. 12, p. 10. The only evidence is that on two occasions, Respondents requested travel documents. Respondents even acknowledge that there has been no response to those requests. Thus, Respondents have not presented any *evidence* tending to show that removal is likely or in the near future. There is simply no indication that any of the requests for travel documents have been answered, or that the wait for "clearance" will be soon.

Where removal is not foreseeable, then continued detention is unreasonable, is not authorized by statute, and is not constitutionally permissible. *See* Zadvydas, 533 U.S. at 690 and 699-700, 121 S.Ct. at 2499 and 2504. The relevant statute provides that if an alien "is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Such regulations are to require the alien to: "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien." 8 U.S.C. § 1231(a)(3).

Inadmissible or criminal aliens must be subject to terms of supervision. 8 U.S.C. § 1231(a)(6).

Accordingly, because the Government has not shown that Petitioner will be removed in the reasonably foreseeable future, and because his continued detention is no longer authorized by statute nor permitted by the Due Process Clause of the United States Constitution, the petition should be granted. Respondents should release Petitioner from custody under such terms and conditions deemed necessary to ensure Respondents are kept apprized of Petitioner's whereabouts pending his removal and in compliance with the requirements of § 1231(a)(3).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner William Phillippe's petition for a writ of habeas corpus, doc. 1, filed pursuant to 28 U.S.C. § 2241 be **GRANTED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 31, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**